UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA THOMAS,

        Plaintiff,

                                      File No.  1:08-CV-493

v.

                                      HON. ROBERT HOLMES BELL

JVM REALTY CORPORATION,

        Defendant.
                                                  /

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant JVM Realty Corporation's motion to set aside entry of default (Dkt. No. 8) and Plaintiff Brenda Thomas's motion to strike (Dkt. No. 10).

Plaintiff filed this lawsuit in Kent County Circuit Court on March 28, 2008. Defendant was served on April 30, 2008. Default was entered in state court on May 23, 2008. Defendant removed this lawsuit to federal court on May 28, 2008. Defendant filed an answer on May 30, 2008. Plaintiff filed an amended complaint on June 11, 2008, and Defendant filed an answer to the amended complaint on June 12, 2008.

The Court may set aside an entry of default for "good cause shown." Fed. R. Civ. P. 55(c). The Court "'enjoys considerable latitude under the good cause shown standard of Rule 55(c)' to grant a defendant relief from a default entry." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (quoting *United States v. Real Prop. & All*

*Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999)). "The criteria used to determine whether 'good cause' has been shown for purposes of granting a motion under Rule 55(c) are whether '(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *Id.* (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)). Additionally, the Sixth Circuit has "indicated a 'strong preference for trials on the merits.'" *Real Property*, 193 F.3d at 820 (quoting *Shepard Claims Serv. Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986)).

Defendant contends that the default was not willful. Defendant has provided an affidavit from Judy Stepien, who is employed in Defendant's human resources division. (Dkt. No. 9, Def.'s Br. in Supp., Att. 1, Stepien Aff.) Ms. Stepien sets forth JVM's activity between receiving notice of the lawsuit and the filing of the notice of removal. Ms. Stepien identifies two changes in personnel, one at Defendant and one at Defendant's insurer, that resulted in Defendant not responding within the time provided by Michigan Court Rules. (Stepien Aff. ¶¶ 2, 6-8.) Based on the account of events provided by Ms. Stepien, Defendant's delay in responding to this lawsuit was not willful.

Defendant next contends that setting aside the default would not prejudice Plaintiff because at this early stage in the lawsuit Plaintiff would not be harmed by any delay attributable to setting aside the default. Plaintiff contends that setting aside the default would provide Defendant with an outcome that is unavailable in state court. However,

Michigan Court Rule 2.603(D)(1) provides that a default may be set aside for "good cause" and a showing of a meritorious defense. MCR 2.603(D)(1). As this lawsuit is still in a very early stage and Michigan courts have a relatively similar procedure, Plaintiff will not be prejudiced if the default is set aside.

Lastly, Defendant contends that it has a meritorious defense based on its answer to the complaint. In addition to responding to the claims in the complaint, Defendant's answer sets forth several affirmative defenses. Plaintiff's response to the motion to set aside did not address whether Defendant's alleged defense is meritorious. In consideration of Defendant's answer, Defendant has alleged a meritorious defense. Therefore, Defendant's motion to set aside the default entered on May 23, 2008, will be granted.

Plaintiff moves to strike Defendant's answer because a default had been entered against Defendant before Defendant filed the answer. "The effect of the entry of default is that it cuts off the [defendant's] right to appear in the case with respect to liability issues." *Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 783 (E.D. Tex. 2006) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 160 (2nd Cir. 1992)). Hence, the default entered on May 23, 2008, barred Defendant from filing an answer, unless the entry of default was set aside. As Defendant was barred from filing an answer, the Court will strike Defendant's answer (Dkt. No. 6). With Defendant's answer stricken, no responsive pleading had been filed, so Plaintiff was permitted to file an

amended complaint under Federal Rule of Civil Procedure 15(a)(1)(A).  Fed. R. Civ. P. 7(a), 15(a)(1)(A).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant JVM Realty Corporation's motion to set aside entry of default (Dkt. No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the default entered on May 23, 2008, against Defendant JVM Realty Corporation is **SET ASIDE**.

**IT IS FURTHER ORDERED** that Plaintiff Brenda Thomas's motion to strike responsive pleadings (Dkt. No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant JVM Realty Corporation's answer to the original complaint (Dkt. No. 6) is **STRICKEN** from the record.


Date:     June 19, 2008                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE